**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KRISTOPHER GONZALEZ,<br><br>     Plaintiff<br><br>v.<br><br>WASHOE COUNTY PUBLIC DEFENDER'S OFFICE,<br>SCOTT EDWARDS,<br><br>     Defendants | Case No.: 3:22-cv-00172-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

    In his complaint, Plaintiff sues the Washoe County Public Defender's Office and pro bono attorney Scott Edwards. Plaintiff alleges he was given excessively high bail and Edwards did not request a bail reduction, telling Plaintiff, "I have too many cases, you know that" and that Plaintiff's "desire to get out and run is apparent to all." Plaintiff avers that he also asked his public defender, Christian Hachins (not named a defendant), for a bail hearing during the two visits they had together, but Hachins said she could not get a hearing.

    Plaintiff also includes an ineffective assistance of counsel claim as to Edwards, alleging he was unable to contact Edwards via phone, visit or text; Edwards failed to inform him of a notice of new charges; he denied Plaintiff a bail reduction hearing; and he has not informed Plaintiff about his trial.

While Plaintiff's complaint is styled as a civil rights action pursuant to 42 U.S.C. § 1983, most of his claims relate to his request for bail reduction and alleged ineffective assistance of counsel. The Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)).

Where a complaint alleges issues that should be raised in habeas instead of under section 1983, the court should dismiss the claims without prejudice. *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997).

When a pretrial detainee challenges a bail determination, the Supreme Court and Ninth Circuit have held that a writ of habeas corpus is an appropriate remedy. *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (2018). Under Nevada law, an accused in custody pending trial may challenge a bail decision by a petition for writ of habeas corpus. *Application of Knast,* 96 Nev. 597, 597, 614 P.2d 2, 3 (1980) (citing NRS 34.530); *State v. Teeter*, 65 Nev. 584, 590-91, 200 P.2d 657, 661 (1948) (when a pretrial detainee alleges the trial court wrongfully denied bail, "the usual procedure is … a writ of habeas corpus."), *overruled in part on other grounds by Application of Wheeler*, 81 Nev. 495, 406 P.2d 713 (1965).

In addition, a Sixth Amendment claim for ineffective assistance of counsel must be raised in a direct appeal, post-conviction or habeas proceeding, and not in an action under section 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Morgano v. Smith*, 879 P.2d 735 n. 3, 110 Nev. 1025 (1994); Nev. Rev. Stat. 34.810(1)(b), 34.720, *et. seq.* Where a state habeas remedy is available, a plaintiff cannot seek federal habeas relief until he has first sought and been denied

habeas relief in state courts. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); 28 U.S.C. §§ 2241-66.

For these reasons, Plaintiff's action should be dismissed without prejudice so that Plaintiff may raise his claims utilizing the proper procedural channels.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE** so Plaintiff may raise his claims using the proper procedural channels, and **DENYING** the motion to proceed IFP as **MOOT**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 7, 2022

_____
Craig S. Denney
United States Magistrate Judge